Daniel Leroy WORD, Plaintiff–Appellant,

v.

Alice Ann WORD, Defendant–Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Aug. 19, 1996.

Permission to Appeal Denied by Supreme
Court Jan. 6, 1997.

Hubert D. Patty, Maryville, for plaintiff-appellant.

Martha Meares, Maryville, John E. McDonald of Joyce, Meredith, Flitcroft & Normand, Oak Ridge, for defendant-appellee.

### OPINION

SUSANO, Judge.

█ This is a divorce case. Daniel Leroy Word, the original plaintiff, appeals. He claims that the trial court's division of the parties' property is inequitable; that the court improperly considered fault in dividing the property; that the court's award of lump sum alimony is not appropriate under the factors set forth at T.C.A. § 36–5–101(d)(1)(A)–(L); that the court should not have ordered him to pay a portion of his wife's attorney fee; and that the court erred in requiring him to pay the debt on her automobile. He also raises as an issue[1] the failure of the trial court to order the court reporters who attended the trial and other hearings to prepare a transcript of the evidence received at those proceedings. He also challenges the trial court's order that he pay $660 to three court reporters for appearing as witnesses at a hearing on the appellant's motion seeking a transcript of the divorce proceedings.

█ The critical issue in this case pertains to the refusal of the trial court to order Alpha Omega Reporting (Alpha Omega) to file a transcript of the relevant proceedings. Without such a transcript or statement of the evidence, we cannot reach the appellant's issues pertaining to the decrees arising out of the divorce trial. In the absence of a transcript, we must assume that "the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix,* 849 S.W.2d 780, 783 (Tenn.App.1992). Therefore, the critical issue in this case is whether the trial court erred when it refused to order Alpha Omega to file a transcript of the relevant proceedings.

At an earlier time, the appellant moved this court to order Alpha Omega to submit a transcript to the trial court for its approval. We remanded this matter to the trial court to consider the appellant's motion.

Our order of remand apparently prompted Alpha Omega to file a motion in the trial court asking that court "to allow 90 days to prepare the transcript in this matter and to

---

1. As the appellee correctly points out, the appellant's brief does not contain "[a] statement of the issues presented for review." *See* Rule 27(a)(4), T.R.A.P. Rather, his issues are interspersed throughout the argument section of his brief. His brief is deficient in other respects, including its failure to comply with Rule 15, *Rules of Ct. of App.,* pertaining to a tabulation of the parties' property. While the court considers these many deficiencies to be serious violations of the Rules of Appellate Procedure and our own Rule 15, we have chosen, in our discretion, to consider the matters raised by the appellant in his brief.

require a $1,500 deposit from the party responsible for the cost[ ] of preparing said transcript and for attorneys fees and reimbursement for lost income or wages for having to appear" in connection with the appellant's motion.

The trial court, after a hearing, refused to order the filing of the transcript, noting that the appellant had failed to timely order the transcript from Alpha Omega and had also neglected to make a timely request to the trial court for an extension of time to file the transcript. The court "assessed" a $660 charge against the appellant as "per diem for the three court reporters attendance as witnesses at [the motion] hearing."

■ A party raising issues on appeal is responsible for furnishing the appellate court with a record that will enable that court to reach the issues raised. In many, but not all, cases, a *complete* record must include a transcript or statement of the evidence or proceedings. "The transcript ... shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal." Rule 24(b), T.R.A.P. "If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Rule 24(c), T.R.A.P.

■ In the instant case, the appellant was the party who was responsible for filing a record that would enable us to reach his divorce issues—all of which present factual questions. As we have previously noted, he has failed to do so; however, the appellant argues that the division of marital property is so inequitable that we can reach this issue without a transcript. We disagree. While the division of property does not appear to be equal, this observation begs the question. The test is whether the division is equitable, not whether it is equal. *See* T.C.A. § 36–4–121(c). *See also Barnhill v. Barnhill,* 826 S.W.2d 443, 449 (Tenn.App.1991). There is no way that we can determine if the evidence preponderates against the trial court's factu-

ally-driven divorce pronouncements without a transcript or statement of the evidence heard by the trial court.

■ On remand from this court, the trial court held a hearing to consider the appellant's motion regarding the transcript. The court found that the appellant had not ordered a transcript of the evidence received at the relevant hearings within 90 days of the filing of the notice of appeal. *See* Rule 24(b), T.R.A.P. The parties did agree that the appellant's attorney had ordered a transcript of something on the eighty-eighth day following the filing of the notice of appeal, but there was a disagreement as to whether this request was for the complete transcript or for the transcript of the hearing on February 28, 1995, at which the court considered only the appellee's request for an attorney fee.[2] The court resolved this credibility issue in the appellee's favor. We cannot disturb that determination in this case. *See Tennessee Valley Kaolin Corp. v. Perry,* 526 S.W.2d 488, 490 (Tenn.App.1974).

The evidence does not preponderate against the trial court's factual findings that the appellant had not ordered the necessary transcript within 90 days of the filing of the notice of appeal and that the appellant had not timely sought an extension of time within which to file the transcript. *See* Rule 13(d), T.R.A.P. Accordingly, we find no error in the trial court's refusal to order the court reporter to file the transcript of all relevant proceedings.

■ As previously noted, Alpha Omega filed a motion in the trial court asking that the appellant be required to compensate the reporters who transcribed the various hearings by paying them a witness fee equal to their per diem charge. It was Alpha Omega's position that each reporter would be required to testify in opposition to the motion[3] and would, therefore, lose a day's work.

At the conclusion of the hearing on the appellant's motion, the trial court awarded

---

2. The hearing on February 28, 1995, was held after the main divorce trial.

3. All three of the reporters did testify at the motion hearing.

the reporters a fee of $660.[4] This was error. The court reporters who testified did so as factual witnesses. They were only entitled to the regular witness fee. *See* T.C.A. § 24–4–101, et seq. Those statutes set forth the mechanism for collection of the appropriate fee.

So much of the trial court's judgment as awards the court reporters $660 is vacated. In all other respects the trial court's judgment is affirmed. Costs on appeal are taxed against the appellant and his surety. This case is remanded for enforcement of the judgment and the collection of costs assessed below, all pursuant to applicable law.

GODDARD, P.J., and McMURRAY, J., concur.

4. Each reporter's per diem was $220.