LINDA LEE HOLLINGSWORTH,      )
                                           )      **Davidson Circuit**

          **Plaintiff/Counter-Defendant/Appellee,**   )      **No. 95D-3419**

                                           )

**VS.**                                         )

                                         )      **Appeal No.**

**JAMES DAVID HOLLINGSWORTH,**    )      **01A01-9706-CV-00252**

                                         )

          **Defendant/Counter-Plaintiff/Appellant.**   )

**FILED**

**April 3, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE**
**AT NASHVILLE**

**APPEAL FROM CIRCUIT COURT OF DAVIDSON COUNTY**
**AT NASHVILLE, TENNESSEE**

**HONORABLE MURIEL ROBINSON, JUDGE**

Rose Palermo, BPR #3330
P.O. Box 121857
Nashville, TN 37212
ATTORNEY FOR PLAINTIFF/COUNTER-DEFENDANT/APPELLEE

Lucinda E. Smith, BPR #5056
DODSON, PARKER & BEHM, P.C.
306 Gay Street, Suite 400
P.O. Box 198066
Nashville, TN 37219-8066
ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF/APPELLANT

**MODIFIED, AFFIRMED AND REMANDED**

                       HENRY F. TODD
                       PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| LINDA LEE HOLLINGSWORTH, | ) | |
|---|---|---|
| | ) | **Davidson Circuit** |
| Plaintiff/Counter-Defendant/Appellee, | ) | No. 95D-3419 |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| JAMES DAVID HOLLINGSWORTH, | ) | **01A01-9706-CV-00252** |
| | ) | |
| Defendant/Counter-Plaintiff/Appellant. | ) | |

# O P I N I O N

In this divorce case, the defendant-counter claimant husband has appealed from the judgment of the Trial Court dismissing the husband's counterclaim; granting the wife a divorce on grounds of inappropriate marital conduct, $750 per month alimony until her death or remarriage, and $10,000.00 attorneys fees; and dividing the marital estate.

The husband presents the following issues on appeal:

I. The trial court had no jurisdiction to order the sale of real property titled in the name of Dan Huffstutter, Trustee.

II. The division of property by the trial court was not equitable.

    A. The trial court erred in awarding Mrs. Hollingsworth a lump sum in the amount of $80,500.00.

    B. The trial court erred in declaring as marital property limited partnership investments which were no longer owned by the parties.

    C. The trial court erred in assigning to Mr. Hollingsworth's business the speculative value assumed by Mrs. Hollingsworth.

    D. The trial court erred in charging $69,735.77 to Mr. Hollingsworth as an asset.

    E. The result of the trial court's division of assets was not fair and equitable.

III. The trial court erred in awarding Mrs. Hollingsworth attorney's fees of $10,000.00.

IV.     The trial court exceeded its authority in awarding a lien against Mr. Hollingsworth's interest in his father's estate and the assets of his business.

V.      Mrs. Hollingsworth is not entitled to attorneys' fees on appeal.

The husband is 59 years of age, and the wife is 56 years of age. They were married in 1963 and separated May 18, 1995. They have four children, all adults. The husband has a college degree and has held positions of responsibility with Tennessee Valley Authority and the State of Tennessee before starting a private business. There is evidence of his addiction of alcohol since the marriage, of his unsuccessful treatment therefor and of his misconduct toward his wife. The Trial Judge expressly discredited his testimony.

The weight, faith and credit to be given to the testimony of any witness lies with the trier of fact and great weight is given on appeal to the finding of the trier of fact in this regard. *Doe A. v. Coffee County Board of Education*, Tenn. App. 1996, 925 S.W.2d 534.

On an issue which hinges on the credibility of witnesses, the trial court will not be reversed unless, other than the testimony of witnesses, there is found in the record clear, convincing evidence to the contrary. *Thompson v. Creswell Indus. Sup., Inc.*, Tenn. 1996, 936 S.W.2d 955.

The divorce decree contains the following:

> After reviewing the Wife's Statement of Assets and Liabilities of the Parties, it appears to the Court that the Wife shall be and she hereby is awarded as her sole and separate property the sum of $80,500.00, which amount represents one-half of the value of the office condominium located at 1321 Murfreesboro Road, Suites 701 and 705, Nashville, Tennessee, and that the Wife shall be and hereby is awarded a lien against said property. The legal description for said property is attached hereto as Exhibit B. The Court further finds that said property is held for the Husband in the name of
>
> Dan Huffstutter, Trustee, and that the Trustee, Dan Huffstutter, shall be and hereby is made a party to this action for injunctive purposes. Until such time as the Wife is paid

> the sum of $80,500.00 awarded to her herein for her share of the equity in said real property, the Trustee, Dan Huffstutter, as well as the Husband, James David Hollingsworth, Jr., shall be and they hereby are restrained and enjoined from placing any further liens or encumbrances upon said property or from depleting the equity in said property.

The property in question was purchased by the husband in 1988. In 1992, the property was sold at foreclosure sale to satisfy a mortgage indebtedness. It was purchased from the mortgage holder for $161,000.00 by Dan Huffstutter, Trustee. The parties agree that the value of the property is $161,000.00, but the nature of the trust exercised by Mr. Huffstutter is unclear.

It appears from the decree that the lien upon the subject property and other properties was for the purpose of insuring the payment of the cash awards to the wife. Trial Court properly decreed a lien and injunction to prevent further incumbrance or sales of any of the husband's interest in any property until the payment of such awards.

A divorce court has no power to impound property in which neither party has an interest, legal or equitable. *Culwell v. Culwell*, 23 Tenn. App. 389, 133 S.W.2d 1009 (1939).

However, divorce courts have equitable power over the interest of the parties, legal or equitable in property even though such interest is not complete and absolute and non parties also have a partial interest in the same property. In such cases the court may act upon the interest of the party without prejudicing the interest of the non party.

The injunction against sale of assets should be expressly limited to the interest of the husband, legal or equitable in the such assets. The injunction should not prevent the sale of interests of third parties, or the sale of properties subject to the lien imposed by the Court.

-4-

**First Issue**

**<u>SALE OF PROPERTY HELD BY TRUSTEE</u>**

It appears that, after the entry of the divorce decree, on May 28, 1997, the Trial Court entered an order discharging Dan E. Huffstutter, Trustee, and that no complaint is made of this action of the Trial Court.

The first issue is therefore moot.

No merit is found in the husband's first issue.

**Second Issue**

**<u>DIVISION OF MARITAL ESTATE</u>**

The wife filed in the Trial Court a statement of her version of the values of the various properties in the marital estate. The values were accepted by the Trial Court, and the Court assigned to the wife the following:

Escrow account held by Kemper and Huffstutter ................... approx. $33,000.
Funds held by Charles Reason, Attorney ............................... approx. $10,000.
Bank account in First Union Bank ........................................ amount not stated
1984 Mercedes automobile .................................................... $ 4,500.
Cash from 1321 Murfreesboro Road ..................................... $80,500.

The Trial Court awarded to the husband the following:

Lexington condominiums, Green Hills limited partnership,
Eagle I partnership, Belmont partnership and any other
limited partnership, The Hollingsworth Group, and all bank
accounts in his own name ...................................................... value not stated
Funds in Wheat First Butcher Singer account, withdrawn by
husband ................................................................................ $69,735.77
1985 BMW ........................................................................... $ 4,000.
1994 Grand Cherokee ........................................................... $ 6,000.
1983 Grand Am .................................................................... $ 1,750.

Residence at 4915 Franklin Road ......................................... value not stated

The foregoing does not include countless lesser unvalued properties.

Trial Courts have broad discretion in dividing the marital estate of parties to a divorce. Such decisions are entitled to great weight on appeal. *Randolph v. Randolph*, Tenn. 1996, 937 S.W.2d 815.

The fact that a division may not be equal does not mean that it is not equitable. *Word v. Word*, Tenn. App. 1996, 937 S.W.2d 931.

This Court cannot say from the record on appeal that the distribution of the marital estate to the parties was inequitable. It is therefore affirmed.

**Third Issue**

**ALIMONY**

The husband insists that the wife does not need alimony. The wife asserts expenses of $3,300.00 per month, earnings of $1,567.00 per month and a deficiency of $1,765.00. The Trial Court awarded the wife $750.00 per month.

The husband argues that he is unable to pay $750.00 per month, but his testimony as to his income was rejected by the Trial Court on grounds of self contradiction and lack of credibility.

Trial Courts have broad discretion to determine the amount and duration of spousal support, and such decisions are entitled to great weight on appeal unless they are unsupported by evidence or are contrary to public policies reflected in relevant statutes. TCA § 36-5-101(d)(1), *Wilson v. Moore*, Tenn. App. 1996, 929 S.W.2d 367.

The record does not support the reversal of the discretionary decision of the Trial Judge to grant the wife $750.00 per month.

In view of the legislatively expressed preference for rehabilitative alimony, and the statutory power of the courts to modify alimony for changed circumstances, this Court is reluctant to affirm an award of alimony in futuro for life. The present record ordinarily supports the award of alimony in futuro, but not for the life of the wife without the express reservation of the continuing power of the court to modify for good cause.

Accordingly, the judgment of the Trial Court is modified to award alimony in futuro in the amount of $750.00 per month for a period of ten years from the date of the original judgment, and subject to increase or decrease in the discretion of the Court for sufficient change of circumstances, and subject to power of the court to order the continuance of the alimony beyond 10 years for good cause. In the absence of application for, and grant of extension of alimony beyond 10 years, alimony will cease at the end of 10 years.

### Fourth Issue

### ATTORNEYS FEE

The husband argues that the wife received a cash distribution of marital assets out of which she should pay her own counsel. However, she should not be required to deplete the modest capital she received by use for attorneys fees. This record does not support a reversal of the award of fees. Attorney's fees are treated as alimony, and are within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of erroneous exercise of discretion. *Aaron v. Aaron*, Tenn. App. 1995, 909 S.W.2d 408.

### Fifth Issue

### LIEN UPON FATHER'S ESTATE

In view of the evasive and contradictory testimony of the husband, the Trial Court was justified in imposing a lien upon all property of the husband to secure payment of the sums he was ordered to pay by the Trial Court. However, the Trial Court was not justified

in declaring a lien upon the entirety of any property in which the husband held only a fractional interest. Therefore, the judgment of the Trial Court is modified to impose a lien only upon the legal or equitable interest of the husband in any property including a vested inheritance. See TCA § 36-4-1221(f)(1).

The wife requests that the husband be required to pay her legal expenses on appeal. This request is granted. On remand, the Trial Court will ascertain and award to the wife reasonable legal expenses of this appeal.

The judgment of the Trial Court is modified as set out in this opinion. As modified, said judgment is affirmed. Costs of this appeal are assessed against the appellant and his surety. The cause is remanded to the Trial Court for entry of a judgment in conformity with this opinion and further proceedings as necessary and proper.

## MODIFIED, AFFIRMED AND REMANDED

_____

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____

BEN H. CANTRELL, JUDGE

_____

WILLIAM C. KOCH, JR., JUDGE