IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

February 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| LAUREN BROWN, | ) C/A NO. 03A01-9806-CH-00178 |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| v. | ) APPEAL AS OF RIGHT FROM THE |
| | ) HAMILTON COUNTY CHANCERY COURT |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| HENRY LEO BROWN, JR., | ) |
| | ) HONORABLE R. VANN OWENS, |
| Defendant-Appellee. | ) CHANCELLOR |


For Appellant                        For Appellee

PHILLIP C. LAWRENCE                   NO APPEARANCE ON APPEAL
JEFFREY A. POWELL
Lawrence, Lawrence
  & Gerbitz, PLLC
Chattanooga, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                          Susano, J.

The parties were divorced by the Heidelberg District Court ("the German trial court") in the Federal Republic of Germany on November 23, 1993. Subsequently, on May 23, 1996, Lauren Brown ("Wife") filed a complaint in the Hamilton County Chancery Court ("the Chancery Court") against her former husband, Henry Leo Brown, Jr. ("Husband"), seeking to domesticate orders from the proceedings in Germany. Wife's complaint also seeks an equitable division of Husband's military retirement pay; a child support arrearage based on the orders of the German trial court; a new child support decree predicated on Husband's present income; and other relief. Being dissatisfied with portions of the judgment of the Chancery Court, Wife appeals, arguing that the Chancery Court awarded her an inequitable share of Husband's military retirement and that the court erred in failing to order Husband to reimburse her for one-half of three payments made by her on the parties' mortgage. We affirm.

## I. *Background*

The parties were married in Chattanooga, Tennessee, on October 16, 1971. They were then, and still are, citizens of the United States. Husband joined the United States Army in 1973.

In May, 1993, while residing in Germany, Wife filed for divorce in the German trial court. By judgment "proclaimed" on October 15, 1993, and effective November 23, 1993, that court dissolved the parties' marriage, and awarded Wife custody of the parties' four children. The November 23, 1993, judgment provides that "[i]t is decided that the question of retirement benefits

2

will be made upon the reaching of retirement age." That judgment did not further address the parties' property. By the same token, it did not decree support for the minor children. However, in subsequent orders, the German trial court did make decrees regarding some of the parties' property and did order Husband to pay child support.

Husband's military pension vested on August 6, 1993. He retired from the Army effective September 1, 1995. At the time of the hearing below, Husband was receiving a net monthly pension by virtue of his military service in the amount of $1,452.82. Husband and Wife now both live in the United States.

## II. *Chancery Court's Judgment*

The Chancery Court's final judgment was entered on March 23, 1998. It provides that the "orders and judgments of the German court...are entitled to recognition by the courts of Tennessee by virtue of the doctrine of comity."[1] The judgment sets child support; decrees the sale of the parties' Alexandria, Virginia, residence; provides that the net proceeds from the sale will be divided equally; decrees that Wife is entitled to recover "credits" of $28,731.50 against Husband and that he is entitled to "credits" against her in the amount of $19,733.52; and provides that Wife's net credits of $8,997.98 will be subtracted from Husband's share of the net proceeds from the sale of the residence.

---

[1] Appellant does not challenge this finding. The appellee did not file a brief in this court.

In addition, the Chancery Court's judgment provides the following with respect to Husband's military retirement:

> [Wife] shall be entitled to receive and is hereby awarded a portion of [Husband's] military retirement, pursuant to the provisions of 10 U.S.C. § 1408 and 32 C.F.R. § 63, initially in an amount equal to seventeen and one-half percent (17.5%) of the net monthly benefits payable to [Husband], and shall continue until one month after the Virginia real estate is sold, at which time [Wife] shall be entitled to receive an amount equal to twenty-two and one-half percent (22.5%) of [Husband's] net monthly benefits....For the purposes of this Final Judgment, the word "net" shall mean the gross monthly benefit less deductions for withholding for federal income tax, social security, and medicare tax. [Wife] shall be entitled to receive her proportionate share of any increases in benefits awarded to [Husband].

### III. *The Parties' Positions Re: Husband's Military Retirement*

The parties agree to the obvious -- the bulk of Husband's military pension is a marital asset. It is being paid to Husband because of his military service, some 92% of which was accumulated during the parties' marriage.[2] It is clear, even absent the parties' agreement, that approximately 92% of this asset is marital property. *See **Kendrick v. Kendrick***, 902 S.W.2d 918, 921 (Tenn.App. 1994).

The parties also agree that Husband's military pension was not divided by the German trial court. However, the parties

---

[2]Husband was in military service for 22 years and 25 days. He was married to Wife for 20 years, 3 months, and 17 days -- all during the period of his military service.

4

differ sharply as to whether the Chancery Court's division of the military pension is equitable. Wife argues on appeal that the Chancery Court should have awarded her 50% of Husband's military retirement. She claims that an appellate court in Germany divided *her* retirement, in effect, by approving Husband's agreement to accept a cash settlement as his share of her retirement funds. It is her position that the settlement in Germany amounted to an equitable division of her retirement funds and that Husband's military retirement should also be equitably divided; this, according to Wife, can be achieved by awarding each party 50% of that retirement.

Husband did not file a brief on this appeal; but at trial he argued that the courts in Germany had *not* addressed Wife's retirement accounts. It was his position that the Chancery Court, in dividing Husband's military retirement, was correct in taking into account the fact that Wife had retained all of her retirement accounts following the close of the proceedings in Germany.

IV.  *Standard of Review*

Our review of this non-jury case is *de novo* upon the record with a presumption of correctness as to the trial court's factual findings, unless the "preponderance of the evidence is otherwise." Rule 13(d), T.R.A.P.; **Wright v. City of Knoxville**, 898 S.W.2d 177, 181 (Tenn. 1995); **Union Carbide Corp. v. Huddleston**, 854 S.W.2d 87, 91 (Tenn. 1993); **Catlett v. Chinery**, 952 S.W.2d 433, 434 (Tenn.App. 1997). The trial court's

5

conclusions of law are not accorded the same deference. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996)*; Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993). Our review is tempered by the well-established principle that the trial court is in the best position to assess the credibility of the witnesses; accordingly, such determinations are entitled to great weight on appeal. *Massengale v. Massengale*, 915 S.W.2d 818, 819 (Tenn.App. 1995); *Bowman v. Bowman*, 836 S.W.2d 563, 567 (Tenn.App. 1991).

## V. *Law of Division of Property*

T.C.A. § 36-4-121(a) mandates an equitable division of marital property. It is clear that a trial court has broad discretion when it adjusts and adjudicates the marital property interests of divorcing parties. *Watters v. Watters*, 959 S.W.2d 585, 590 (Tenn.App. 1997). For this reason, a trial court's division of marital property is entitled to great weight on appeal. *Id*. That division must be affirmed by us unless the evidence preponderates against it. Rule 13(d), T.R.A.P. *Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn.App. 1988).

A litigant is not necessarily entitled to a share of each item of marital property. *Brown v. Brown*, 913 S.W.2d 163, 168 (Tenn.App. 1994). Rather, the law requires only that the *overall* division of all marital property be equitable to both parties. *Id*. Furthermore, the goal is an *equitable* division,

6

not necessarily an *equal* one.  **Word v. Word**, 937 S.W.2d 931, 933 (Tenn.App. 1996).

VI.  *Division of Military Retirement*

*A.*

As previously indicated, the parties were sharply divided at trial as to whether the courts in Germany, or the parties by their agreement, had considered and divided Wife's retirement accounts.  Wife argues on this appeal that those accounts were equitably divided in the German proceedings and that the Chancery Court should have divided Husband's military pension without regard to the fact that Wife ultimately maintained ownership of her numerous retirement bank accounts and other retirement-type assets.

It should be noted that the Chancery Court was not at all sure if, and how, Wife's retirement accounts were addressed by the courts in Germany.  This doubt is clear from the Chancery Court's memorandum opinion:

> The [orders of the courts in Germany] make it clear that the Court in Germany did not take into consideration very much, in any event, the retirement pension of the defendant here, Henry Leo Brown, Jr.  While defendant contests the affect [sic], he essentially concedes that the Court did not take into consideration that retirement plan, nor did the Court in Germany take into account the retirement funds of Lauren Brown, according to the defendant.
>
> The parties have variously argued at times in this case.  But the Court supposedly considered how they interpreted the decree of the German court, what it meant, what the obligations were and so forth.  Certainly it's not absolutely clear to this Court either as to what all was comprehended.
>
> It seemed reasonable, however, to assume that the Court in Germany was reluctant to order

8

or divide property to be paid by the United
States government for Mr. Brown's military
service to be awarded to Mrs. Brown.
Certainly the inferences most likely to this
Court is that the German court did not give
much consideration to the retirement funds of
Mrs. Brown.

We find and hold that the evidence does not preponderate against a finding that the courts in Germany did *not* divide Wife's retirement accounts, and that the parties did not settle the question of an appropriate division of either Husband's military retirement or Wife's retirement accounts. We make this determination based upon our reading of the German orders and pleadings, which have been translated into English and are a part of the record before us.

On October 8, 1973, Husband's German attorney, on his letterhead, submitted a petition to the German trial court seeking "marriage net worth compensation." This apparently is tantamount to a petition in Tennessee seeking an equitable division of marital property. Husband's petition alludes to some, but not all, of the parties' property. It includes a number of accounts that Wife identified in her testimony in Chancery Court as funds maintained by her for retirement purposes. In the instant proceeding, the Chancery Court determined that these retirement accounts totaled "some $55,000 or perhaps as high as $65,000." The evidence does not preponderate against this finding.

As previously indicated, the German trial court divorced the parties effective November 23, 1993, with the

notation that "the question of retirement benefits will be made upon reaching of retirement age."[3]  In the same judgment, the German trial court made the following additional, significant observation:

> In accordance with German law, a court decision regarding retirement benefits cannot be made. *Both parties had retirement coverage through agencies of the USA. For this reason, the benefits' issue will have to be determined at retirement age; such not being possible at this time.*

(Emphasis added.)

By order entered December 21, 1994, the German trial court dismissed Husband's petition for "marriage net worth compensation."  That petition had sought money compensation of $30,000.  It is clear that Husband's claim did not extend to the parties' real property in Alexandria, Virginia, which the German trial court addressed in another order; nor did the petition address certain other assets of the parties.  As previously noted, the petition apparently did list the bulk of Wife's retirement accounts.

In denying Husband's claim for "marriage net worth compensation," the German trial court found that the claim was "unfounded."  It gave a number of reasons for this finding:

> The issue can be debated whether or not [Husband] is in fact due such a claim in the amount of $30,000.00, since according to para

---

[3]Neither party retired while their divorce case was pending in Germany.

10

1381, sub-para 2 of the Civil Code,[4] such is out of the question as being blatantly improper, since [Husband] culpably, and over an extended period of time, did not fulfill the financial obligations which arose from their marriage relationship.

To these financial obligations belong the support requirement towards their joint children, not only for the duration of the time of separation, but also after the filing of the request for divorce as well as following the actual divorce (See the Düsseldorf Superior Court precedent FamRZ 87, pp 821-822 w/addenda).[5] This applies also, and especially, when the husband must bear the economic burden of support for the children even though he may not have as yet been ordered to do so.

[Husband] culpably violated this obligation.

\* \* \*

It must additionally be taken into consideration that the savings account balance of [Wife] was accumulated for the most part after the first separation of the parties in 1988, solely through the efforts of [Wife]. Based on the Düsseldorf Superior State Court precedent FamRZ 87, pg 822,[6] such cannot in and of itself lead to a blatant impropriety of the marriage net worth compensation claim, but can indisputably be brought into play in the case.

*[Husband] did not contest the claim of the [Wife] that the bank account monies are to serve for retirement. Since a public law settlement regarding retirement benefits was not carried out, but rather the option having been made to resolve the question upon reaching retirement age; and since the realization of such a claim may be quite questionable, it is in the legitimate interest of [Wife], that these financial retirement assets, which have accrued as a result of her efforts, not be required to be shared with [Husband].*

\* \* \*

---

[4]No attempt was made below to prove this authority. *Cf.* Rule 202(b)(5), Tenn.R.Evid.

[5]See footnote 4 to this opinion.

[6]See footnote 4 to this opinion.

> In total, compensation for marriage net worth
> appears to be blatantly improper, primarily
> because of the long-term violation of
> [Husband's] responsibility to provide support
> to his children, which [Wife] had to
> financially cover.

(Emphasis added).

The foregoing order of the German trial court was appealed to the 16th Civil Court of Appeals of the Karlsruhe Superior State Court ("the German appellate court"). While the case was pending on appeal, the parties settled Husband's pending claim. The settlement -- "[a]t the suggestion of the [German appellate] court" -- simply provides as follows:

> [Wife] obliges herself to pay [Husband] the
> amount of $15,000.00 as compensation for the
> accrued net worth from the marriage. Of this
> amount, $3,000.00 are [sic] to be deducted
> for costs ensued for naturalization of the
> two daughters. The remaining balance of
> $12,000.00 is due when the real estate of the
> parties in Alexandria, Virginia is sold.

As previously indicated, other orders of the German trial court addressed the parties' property in Alexandria, Virginia, their household goods and miscellaneous personal property, and other assets. These latter orders were not appealed.

Significantly, none of the orders of the German courts specifically awarded either Husband's military retirement or Wife's retirement accounts.

12

It is clear that Wife ultimately maintained ownership of all of her retirement accounts. While Husband received an agreed-to settlement of $15,000, it is not at all clear that this settlement was an offset for Wife having received all of her retirement accounts. Wife may be correct in asserting that it was; but this is pure speculation, based on the record before us. Such speculation cannot form the basis for a decision by us to disturb the Chancery Court's division of marital property.

The Chancery Court was justified in finding: (1) that the German trial court did not believe that it was appropriate for it to divide the parties' retirement monies; (2) that those monies were not, in fact, divided by either the German trial court or the German appellate court; (3) that Wife retained all of her retirement accounts; and (4) that some eight percent of Husband's military retirement was related to Husband's service after the parties' divorce. Furthermore, the division of Husband's military retirement as decreed by the Chancery Court was equitable in view of the decrees made by the courts in Germany and the evidence heard by the Chancery Court. To the extent that the Chancery Court did not *expressly* make all of these findings, we find and hold that they are justified by the record before us and that they support the Chancery Court's judgment regarding Husband's military retirement. *See* Rule 36(a), T.R.A.P. *See also* **Kelly v. Kelly**, 679 S.W.2d 458, 460 (Tenn.App. 1984) ("[W]e are called upon ultimately to pass upon the correctness of the result reached in the proceeding below, not necessarily the reasoning employed to reach the result.")

*B.*

13

Alternatively, Wife argues that the Chancery Court erred when it decreed that the receipt of her ultimate share of Husband's military retirement -- 22.5% -- would be delayed until the Virginia residence was sold. The court's judgment provides that Wife is to receive 17.5% of the retirement until the house is sold. Wife contends that she should have been awarded the larger share, retroactive to the date on which Husband received his first retirement check.

We do not find that the evidence preponderates against the Chancery Court's plan. Until the property was sold, both of the parties were responsible for obligations pertaining to the property. Once the property was sold, there were no further assets jointly owned by the parties. That was not an inappropriate time to "kick in" Wife's full entitlement.

## VII. *Credit for Mortgage Payments*

Wife contends that the Chancery Court intended -- but failed -- to give her credit for mortgage payments on the Virginia property made by her for the months of May, June, and July, 1997. We agree that the court intended to give her credit for these payments; but we cannot agree that the court failed to do so.

In its memorandum opinion, the trial court made reference to a number of credits due Wife from Husband, and also to those due Husband from Wife. It then directed the parties to check the Court's computations:

14

> THE COURT: I would expect counsel to take
> these figures and adjust them or advise me of
> any mistakes and certainly if I have
> overlooked it or made a mistake on that.

The court's final judgment was approved by counsel for both of the parties. It provides as follows:

> Plaintiff is entitled to credits totaling
> $28,731.50, and Defendant is entitled to
> credits totaling $19,733.52, resulting in a
> net credit in favor of Plaintiff in the
> amount of $8,997.98 for which sum judgment is
> hereby rendered against Defendant.

The figures in the final judgment do not precisely correlate to the various figures mentioned by the court in its memorandum opinion. Apparently, counsel did what the court directed and refined the court's computations. In any event, the figures in the judgment are the ones to which the parties agreed and we cannot say that the evidence preponderates against their accuracy. Since the trial court indicated that it believed that Wife was entitled to credit for those three mortgage payments, we have to assume, under the circumstances of this case, that it gave her credit in the final numbers agreed to by the parties.

## VIII. *Conclusion*

The judgment of the Chancery Court is affirmed. Costs on appeal are taxed against the appellant. This case is remanded to the Chancery Court for enforcement of the court's judgment and for collection of costs assessed below, all pursuant to applicable law.

15

_____

Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.