IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On Briefs May 15, 2001

## AUBREY DEON BRANCH LIGHTFORD v. ROBERT ALLEN LIGHTFORD

**A Direct Appeal from the Chancery Court for Shelby County**
**No. D30362-3     The Honorable D. J. Alissandratos, Chancellor**

---

**No. W2000-02712-COA-R3-CV - Filed June 19, 2001**

---

Husband appeals final decree of divorce presenting issues pertaining to amount of child support and division of marital property. Husband did not file a transcript of the evidence, nor did he file a statement of the evidence. We affirm.

**Tenn.R.App.P.; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Coleman W. Garrett, Memphis, For Appellant, Robert Allen Lightford

Jeffrey Jones, Memphis, For Appellee, Aubrey Deon Branch Lightford

## MEMORANDUM OPINION[1]

Although the record contains no transcript or statement of the evidence, the salient facts we take from the parties' briefs are:

Husband, Robert Allen Lightford, and Wife, Aubrey Deon Branch Lightford, separated in December of 1998, after eighteen (18) years of marriage. The parties had two (2) children born of

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by Memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the marriage, who were sixteen (16) and twelve (12) years old at the time of the divorce. Following Husband's retirement from United Parcel Service, the parties decided to move to Memphis from their home in Indianapolis, Indiana. It was shortly after this move that the parties separated.

The trial court, sitting without a jury, entered the Final Decree of Divorce in this action on September 20, 2000 based upon inappropriate marital conduct. In the decree, the trial court divided the marital assets and awarded Wife one-half of husband's union pension and retirement benefits. The trial court also granted Wife custody of the parties' children, and ordered Husband to continue to pay child support in the amount of $1,125.00 per month. In the Decree, the trial court noted that Husband was in civil contempt for having violated previously issued restraining orders which barred him from using any of the proceeds from the sale of the parties' Indiana home and that Husband had cashed the parties' 1998 Federal Income Tax refund check without Wife's permission. The trial court also denied Wife's request for alimony.

Husband appeals and presents two issues for review: 1) Whether the trial court erred in setting Defendant's child support obligation at $1,125.00 per month; and 2) Whether the trial court erred in failing to make an equitable division of the parties' marital property pursuant to T.C.A. § 36-4-121. Both of these issues involve factual determinations. Because the Appellant in this matter has failed to file a transcript or statement of the evidence, we cannot reach either of Appellant's issues presented for review.

"A party raising issues on appeal is responsible for furnishing the appellate court with a record that will enable that court to reach the issues raised." **Word v. Word**, 937 S.W.2d 931, 933 (Tenn. Ct. App. 1996). Rule 24 of the Rules of Appellate Procedure provides, in relevant part:

> (a) Content of the Record. **The record on appeal shall consist of**: (1) copies, certified by the clerk of the trial court, of all papers filed in the trial court except as hereafter provided; (2) the original of any exhibits filed in the trial court; **(3) the transcript or statement of the evidence or proceedings**, which shall clearly indicate and identify any exhibits offered in evidence and whether received or rejected; (4) any requests for instructions submitted to the trial judge for consideration, whether expressly acted upon or not; and (5) any other matter designated by a party and properly includable in the record as provided in subdivision (g) of this rule.

Tenn.R.App.P. 24(a) (emphasis added). Without a transcript or a statement of the evidence, we find it impossible to reach Appellant's factually driven issues arising out of the trial court's Decree. As we have said on many occasions, in the absence of a transcript of the trial proceedings or a statement of the evidence, "we must assume that 'the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings.'" **Word**, 937 S.W.2d at 932 (quoting **Sherrod v. Wix**, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)).

Accordingly, the order of the trial court is affirmed. This case is remanded to the trial court for any further proceedings necessary. Costs of the appeal are assessed to Appellant, Robert Allen Lightford, and his sureties.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.