IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 9, 2013 Session

## LOU WADLEY v. LEONARD ROWE

**Appeal from the Circuit Court for Hamilton County**
**No. 13C360    L. Marie Williams, Judge**

_____

**No. E2013-01388-COA-R3-CV-FILED-MARCH 17, 2014**

_____

This action originated with the filing of a detainer warrant in General Sessions Court by the plaintiff, seeking possession of her home.  The plaintiff obtained a judgment granting her possession of the home, and the defendant appealed that judgment to Circuit Court.  Following a *de novo* trial, the Circuit Court likewise granted judgment in favor of the plaintiff.  The defendant has appealed.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Leonard Rowe, Chattanooga, Tennessee, Pro Se.

Lou Wadley, Chattanooga, Tennessee, Pro Se.

**OPINION**

I.  Factual and Procedural Background

This lawsuit originated with the filing of a detainer warrant on February 1, 2013, in Hamilton County General Sessions Court by the plaintiff, Lou Wadley.  Ms. Wadley filed the action against the defendant, Leonard Rowe, to regain possession of her improved real property located at 1502 East 12th Street in Chattanooga ("the Property").  Ms. Wadley alleged in the warrant that she had entered into an oral lease with Mr. Rowe, requiring rent payments of $198 per month.  Ms. Wadley also claimed that there existed an unpaid rent balance of $496.  The General Sessions Court granted Ms. Wadley a judgment for possession

of the Property and ordered that Mr. Rowe transfer all utilities back to the name of Ms. Wadley within ten days. No monetary award was granted by the court.

Mr. Rowe appealed the judgment of the General Sessions Court to the Bradley County Circuit Court. Mr. Rowe subsequently filed an affidavit, admitting that he resided at the Property, but denying that he owed any rent therefor. Mr. Rowe asserted that he had an agreement with Ms. Wadley to pay the utilities for the home in lieu of rent.

On June 4, 2013, the Circuit Court entered an order, stating that it had conducted a trial *de novo* of this matter. The Circuit Court's order further states as follows:

> Upon hearing the testimony of the parties and reviewing the evidence in this cause, the Court finds Lou Wadley is the owner of the property in issue and Leonard Rowe has no ownership interest in it. Ms. Wadley makes no claim for monetary damages. Rather, she seeks only possession of the premises. Upon hearing the testimony of the parties and the defenses offered by Mr. Rowe, the Court finds Mr. Rowe has no legal right to remain in the premises owned by Ms. Wadley. Accordingly, it is ORDERED Leonard Rowe shall vacate the premises at 1502 East 12th Street on or before June 14, 2013. He shall do no damage to the premises as he vacates the premises. He shall not be entitled to any access whatsoever to the premises after June 14, 2013.
>
> The costs of this cause are taxed against Leonard Rowe for which execution may issue if necessary.

Mr. Rowe timely appealed.

## II. Issue Presented

Mr. Rowe raises one issue on appeal, which we have restated slightly:

Whether the trial court erred in concluding that Mr. Rowe owed a debt to Ms. Wadley based on allegations that he defaulted on a rental agreement.

## III. Standard of Review

Our review of the trial court's judgment following a non-jury trial is *de novo* upon the record, with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012). "In order for the evidence to preponderate

against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006) (citing *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001)). We review the trial court's conclusions of law *de novo* with no presumption of correctness. *Hughes v. Metro. Gov't of Nashville & Davidson County*, 340 S.W.3d 352, 360 (Tenn. 2011).

## IV. Order of the Trial Court

In his appellate brief, Mr. Rowe argues that he had no legal obligation to pay a monetary debt to Ms. Wadley. He admits that he has been residing at the Property for the last few years but asserts that his agreement with Ms. Wadley was that he would pay utilities in lieu of rent. Mr. Rowe therefore denies that he has breached his contract with Ms. Wadley or that there is any rent arrearage owed.

Ms. Wadley contends that she invited Mr. Rowe to stay in her home because he had nowhere to live and that when she subsequently went into the hospital to have surgery, Mr. Rowe changed the locks on her home and would not thereafter grant her access. Ms. Wadley states that she has been living with her nephew because she could not gain access to her home. Ms. Wadley simply posits that the home at issue is hers and she should be allowed to regain possession of it. We agree.

As previously noted, Ms. Wadley filed a detainer action in the General Sessions Court seeking possession of the Property. While rent payments were listed on the warrant, no rent or monetary damages of any kind were awarded to Ms. Wadley. Ms. Wadley was, however, awarded possession of the Property. Mr. Rowe appealed that judgment to the Circuit Court. The Circuit Court conducted a trial and found that: (1) Ms. Wadley owns the Property, (2) Mr. Rowe has no ownership interest in the Property, (3) Ms. Wadley sought possession of the Property and made no claim for monetary damages, and (4) Mr. Rowe had no legal right to remain at the Property. The court therefore ordered that Mr. Rowe vacate the Property on or before June 14, 2013. The court did not conclude that any breach of a contract or agreement had occurred or that there was any rent due. No award of monetary damages was made by the trial court.

In a case such as this wherein the appellant has not provided a transcript of the hearing in the trial court, "we must assume that 'the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings.'" *Word v. Word*, 937 S.W.2d 931, 932 (Tenn. Ct. App. 1996) (quoting *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)). As such, we must assume that the trial court's factual findings that Ms. Wadley owned the Property and that Mr. Rowe had no ownership interest therein were

correct and supported by the evidence. Also, since the record contains no written lease agreement or other documentation providing Mr. Rowe any legal right to remain in possession of the Property, we have no basis for reversing the trial court's determination that Ms. Wadley is entitled to immediate possession of the Property. Although Ms. Wadley had given Mr. Rowe permission to live in her home at one time, she had clearly withdrawn that permission as evinced by the filing of the original detainer action seeking possession.

Mr. Rowe is apparently mistaken about the basis for the trial court's ruling as evinced by his arguments on appeal addressing breach of contract, debt, and rent arrearage. The trial court, however, made no finding regarding any alleged contract or any debt or rent owed. The trial court simply determined that Ms. Wadley owned the Property and was entitled to possession of it. In the absence of any evidence to the contrary, we must affirm that finding. Mr. Rowe has presented no evidence to demonstrate that he has any right to remain at the Property. As Ms. Wadley is the owner, she is entitled to have possession of what is lawfully hers.

Based upon our review of the record, we conclude that the trial court properly awarded possession of Ms. Wadley's home, located at 1502 East 12th Street, to Ms. Wadley. We affirm that award and remand this case to the trial court for enforcement of same. We direct the trial court to enter an order granting immediate possession of the Property to Ms. Wadley.

## V. Conclusion

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Leonard Rowe. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment granting possession of the property to Ms. Wadley and collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE