IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 23, 2012 Session

## SEVIER COUNTY BANK v. EILEEN M. DIMECO, ET AL.

**Appeal from the Chancery Court for Sevier County**
**No. 10-12-497     Telford Forgety, Chancellor**

---

**No. E2011-01604-COA-R3-CV-FILED-JUNE 26, 2012**

---

Sevier County Bank ("the Bank") sued Eileen M. DiMeco, CitiMortgage, Inc., and First American Title Company[1] seeking specific performance with regard to a Grant of Right of Way and Agreement to Dedicate ("the Agreement") concerning a right of way to be used as a public road. The Bank filed a motion for summary judgment and after a hearing the Trial Court granted the Bank summary judgment. Ms. DiMeco appeals to this Court. We find and hold that there are no genuine issues of material fact and that the Bank is entitled to summary judgment as a matter of law, and we affirm. We further find this appeal frivolous and award the Bank attorney's fees on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Eileen M. DiMeco, Sevierville, Tennessee, Pro Se appellant.

Richard T. Wallace, Sevierville, Tennessee, for the appellee, Sevier County Bank.

---

[1]Ms. DiMeco, Tennessee State Bank, and Sykes & Wynn, PLLC were named as defendants in the first complaint filed in December of 2010. Tennessee State Bank and Sykes & Wynn, PLLC were voluntarily dismissed from the suit less than one month after the suit was filed. The Bank then filed an Amended and Restated Sworn Complaint for Specific Performance prior to the filing of responsive pleadings naming Ms. DiMeco, CitiMortgage, Inc., and First American Title Company as defendants. The Trial Court entered an Agreed Order on May 6, 2011 dismissing CitiMortgage, Inc. from the suit after finding, *inter alia*, that CitiMortgage, Inc. had a valid first lien on Ms. DiMeco's property and did not object to the request of specific performance from Ms. DiMeco.

# OPINION

## Background

Ms. DiMeco owns real property in Sevier County, Tennessee. On April 4, 2006, Ms. DiMeco, James M. Baker, Ruth P. Baker, and Mountain High, Inc. entered into the Agreement, which provides, in pertinent part:

> **WHEREAS**, the Bakers are the owners of Tracts 6R and 8 of Denison Farm South …; and,
>
> **WHEREAS**, Di[M]eco is the owner of Tract 5 of Denison Farm South …; and,
>
> **WHEREAS**, Mountain High is the owner of Tract 2 of Denison Farm South …; and,
>
> **WHEREAS**, Tracts 5, 6R and 8 are benefitted by and subject to a 50 ft. driveway easement to and from Tract 2 and Thomas Cross Road, and Tract 2 is benefitted by said 50 ft. driveway easement, …; and,
>
> **WHEREAS**, the parties desire to clarify the grant of easement in favor of Tract 2 and agree to dedicate such easement to Sevier County in the event it meets county specifications and is accepted as a public road.
>
> **NOW, THEREFORE**, for and in consideration of One Dollar ($1.00) cash, in hand paid, and the values to be derived by the making hereof, the undersigned do hereby adopt the above recitals and agree as follows:
>
> 1. **GRANT OF RIGHT OF WAY**. The Bakers and Di[M]eco do hereby give, grant and convey for the use and benefit of Tracts 5 (5A and 5B) 6 (6R), 8 (8R) and 2 a 50 ft. driveway easement to and from said tracts and Thomas Crossroad, the approximate center line of which is more particularly described as follows:
>
>> Beginning at an iron pin at the southern right of way of Thomas Crossroad a common corner to Tract 5 and Tract 6; thence from said point of beginning and with the lines of Tracts 5 and 6 and being the approximate center line of a 50 ft. right of way South 16 deg. 26 min. 33 sec. West 194.28 feet to an iron pin; thence

South 02 deg. 50 min. 25 sec. West 348.46 feet to an iron pin; thence South 05 deg. 56 min. 31 sec. West 182.00 feet to an iron pin a common corner to Tract 8; thence continuing along the line of Tract 5 and with the line of Tract 8, South 46 deg. 11 min. 56 sec. West 209.28 feet to an iron pin; thence South 20 deg. 05 min. 24 sec. West 146.54 feet to an iron pin; thence South 50 deg. 56 min. 23 sec. West 114.48 feet to an iron pin; thence North 88 deg. 43 min. 31 sec. West 170.00 feet to an iron pin a common corner to Tracts 5, 8 and 2, the terminus of the 50 ft. right of way granted herein.

It is the intent of the parties hereto to create this right of way for the benefit and use of the parties' respective properties, and it is agreed that said right of way shall run with the land and may be used by parties hereto or any third parties to whom they may subsequently convey all or any part of their property; provided however, that portion of the right of way granted herein used solely by Mountain High shall be maintained by Mountain High at its sole expense.

2. **AGREEMENT TO DEDICATE**. It is anticipated, but not required, that Mountain High will resubdivide Tract 2 of Denison Farm South into subdivision lots and improve the 50 foot right of way granted herein to Sevier County specifications. In the event said 50 foot right of way is so improved to county specifications and accepted by Sevier County as a public road, the Bakers, Di[M]eco and Mountain High agree to execute and deliver for recording a right of way deed conveying said 50 foot right of way to Sevier County, Tennessee, for use as a public road.

The Agreement was executed by Ms. DiMeco; James M. Baker; Ruth P. Baker; and Robin Waters, Vice President of Tennessee State Bank.

In October of 2009, the Bank acquired the Mountain High, Inc. property. The Bank undertook to fulfill Mountain High, Inc.'s responsibilities pursuant to the Agreement. In April of 2011, James M. Baker and Ruth P. Baker executed a Right of Way Deed to carry out the terms and conditions of the Agreement to dedicate the roadway to Sevier County. At the request of Sevier County, Mr. Baker also signed the plat of Mountainscapes Subdivision. Ms. DiMeco refused to sign these documents, and the Bank sued for specific performance.

Representing herself pro se, Ms. DiMeco filed a document styled Motion for Jury Trial in response to the Complaint, but failed to appear for the hearing on her motion,

which was held on April 1, 2011. The Trial Court entered an order denying Ms. DiMeco's motion for a jury trial.

In May of 2011, the Bank filed a motion for summary judgment supported by, among other things: (1) an affidavit of James M. Baker; (2) an affidavit of Eric Schriener, a Vice President of the Bank; (3) an affidavit of Rodney J. McCarter, the registered land surveyor who prepared the final plat of Mountainscapes Subdivision; and (4) an affidavit of Jonas Smelcer, the Road Superintendent for Sevier County, Tennessee.

In his affidavit, Mr. Baker stated, among other things, that he and his wife had executed the Right of Way Deed, that he had signed the Mountainscapes plat, and that he and his wife also had conveyed 0.52 acres to the Bank to be added to the right of way easement to fulfill the requirements of Sevier County.

Mr. Schreiner's affidavit states, in pertinent part, that the Bank succeeded to the interest of Mountain High, Inc., that the Bank chose to carry out Mountain High, Inc.'s responsibilities under the Agreement, that the Bank had completed those responsibilities, and that Ms. DiMeco had refused to honor the terms of the Agreement and complete her responsibilities thereunder.

In his affidavit, Mr. McCarter states, among other things:

4. The aforementioned grant of right of way description [taken from the Agreement] is included entirely within the 50 foot right-of-way as depicted on the Mountainscapes Subdivision final plat which is shown on the final plat attached hereto as Exhibit 1. The entire right-of-way as shown on the final plat also includes additional land granted to Sevier County Bank by James M. Baker and wife, Ruth P. Baker, recorded at Book 3556, Page 774, in the Register's Office for Sevier County, Tennessee (herein "Baker addition"). The Baker addition is combined with the original description of the right-of-way as the same appears in the Agreement.

5. The roadway, as built, is contained within the 50 foot right-of-way granted by the Agreement and within the land granted by the Bakers.

Mr. Smelcer's affidavit states, in part:

2. In my capacity as Road Superintendent for Sevier County, Tennessee, I have inspected and, on behalf of Sevier County, accepted for public dedication a roadway to be named Mountain High Trail in that the same has been

-4-

constructed and improved in accordance with the specifications of Sevier County, Tennessee, and depicted on a certain plat by Vision Engineering & Development Services, Inc. as the final plat of Mountainscapes Subdivision which, among other things, includes the necessary approvals required of the Sevier County Regional Planning Commission as a requirement for the dedication of roadways to meet the specifications of Sevier County, Tennessee.

3. In order to have a public dedication of the roadway, on information and belief, the following persons must provide a grant of right-of-way to Sevier County: James M. Baker and wife, Ruth B. [sic] Baker, Sevier County Bank (as successor in interest to Mountain High, Inc.), and Eileen M. DiMeco.

The Bank also submitted a statement of undisputed material facts in support of its motion for summary judgment, which states, in pertinent part:

7. On October 13, 2009, Sevier County Bank succeeded to the interest of Mountain High, Inc. by virtue of foreclosure proceedings and subsequent conveyance to plaintiff by Substitute Trustee's Deed as fully appears in Book 3436, Page 291, in the Register's Office for Sevier County, Tennessee.

8. Plaintiff, after acquiring title to the interest of Mountain High, Inc. chose to carry out certain responsibilities of Mountain High, Inc. pursuant to the terms and conditions of the Agreement and has completed the requirements thereunder including the completion of the roadway therein contemplated.

9. During the construction of the roadway contemplated by the Agreement, additional land was needed to complete the project to Sevier County's specifications. The Bakers conveyed 0.52 acres to be added to the right-of-way to be conveyed to Sevier County for the roadway.

10. Pursuant to the provisions of the Grant of Right of Way and Agreement to Dedicate dated April 4, 2006, DiMeco agreed as follows:

**AGREEMENT TO DEDICATE.** It is anticipated, but not required, that Mountain High will resubdivide Tract 2 of Denison Farm South into subdivision lots and improve the 50 foot right of way granted herein to Sevier County specifications. In the event said 50 foot right of way is so improved to county specifications and accepted by Sevier County as a public road, the Bakers, **DiMeco**, and Mountain High agree to execute and deliver for recording a right of way deed conveying said 50 foot right of way to Sevier

County, Tennessee, for use as a public road. (Emphasis added).

11. The final map of the roadways includes the right-of-way easement as the same is described in the Grant of Right of Way and Agreement to Dedicate.

12. Upon the completion of the roadway, Sevier County, Tennessee, through its Road Superintendent, declared that the roadway contemplated by the right-of-way easement to and from the Mountainscapes Subdivision has been accepted by Sevier County, Tennessee, and added to the county road list.

13. Requests of DiMeco to honor the terms of the Agreement by executing a dedication document required by Sevier County have been rebuffed and denied by DiMeco.

(citations omitted).

After a hearing on the motion for summary judgment, the Trial Court entered its Final Judgment for Specific Performance on June 27, 2011 finding and holding, *inter alia*:

1.      There is no genuine issue of material fact, and the plaintiff is entitled to a judgment as a matter of law.

2.      Specific performance of the Grant of Right of Way and Agreement to Dedicate dated April 4, 2006, and attached as Exhibit A to the Complaint, shall be, and the same is, granted.

3.      By the Grant of Right of [W]ay and Agreement to Dedicate dated April 4, 2006 and of record in Book 2505, Page 699, in the Register's Office for Sevier County, Tennessee, the parties to the Agreement (Bakers, DiMeco, and Mountain High, Inc.) granted, each to the other, a 50 foot driveway easement to and from their respective properties in the Third Civil District of Sevier County, Tennessee, and Thomas Cross Road therein described, and said parties agreed to dedicate such easement to Sevier County in the event it meets county specifications and is accepted as a public road.

4.      By warranty deed dated June 14, 2010 and of record in Book 3556, Page 774, Sevier County Bank acquired a portion of the Bakers' property and by Substitute Trustee's Deed dated October 13, 2009, of record in Book 3436, Page 291, acquired the Mountain High, Inc. property.

5. The 50 foot right of way now meets county specifications, and Sevier County, Tennessee has agreed to accept the right of way as described in the Grant of Right of Way and Agreement to Dedicate and an extension of said right of way as shown on the Final Plat of Mountain Scapes Subdivision by Vision Engineering & Development Services, Inc., Rodney J. McCarter, Tennessee Registered Land Surveyor No. 2316, revised October 1, 2010 (to be recorded in the Register's Office for Sevier County, Tennessee), said 50 foot right of way and its extension now being known as Mountain High Trail. Said Final Plat is attached to this Final Judgment as Exhibit A and incorporated herein by reference, the specific portion of this right of way for this cause of action being as follows:

SITUATE, LYING AND BEING in the Third (3rd) Civil District of Sevier County, Tennessee, and beginning at an iron pin set located in the South right of way line of Thomas Cross Road, common corner to Garland Schrader and the right of way easement herein conveyed; thence with the line of Garland Schrader South 16 deg. 34 min. 20 sec. West, 199.78 feet to an iron pin, corner to Garland Schrader and DiMeco; thence with the line of DiMeco and the following calls, South 02 deg. 48 min. 44 sec. West, 350.02 feet to an iron pin; thence South 05 deg. 54 min. 50 sec. West, 172.15 feet to an iron pin; thence South 46 deg. 11 min. 56 sec. West, 205.86 feet to an iron pin; thence South 20 deg. 05 min. 24 sec. West, 145.44 feet to an iron pin; thence South 50 deg. 56 min. 23 sec. West., 98.40 feet to an iron pin; thence North 88 deg. 41 min. 51 sec. West, 158.43 feet to an iron pin, corner to DiMeco and Lot 1 of Mountain Scapes Subdivision; thence crossing the right of way easement at the terminus of the right of way conveyed in the Agreement and the continuance of Mountain High Trail, South 01 deg. 18 min. 04 sec. West, 50.07 feet to an iron pin in the line of Baker; thence with the line of Baker and the following calls, South 88 deg. 42 min. 01 sec. East, 179.11 feet to an iron pin; thence North 50 deg. 56 min. 23 sec. East, 130.56 feet to an iron pin; thence North 20 deg. 05 min. 24 sec. East, 147.64 feet to an iron pin; thence North 46 deg. 11 min. 56 sec. East, 213.28 feet to an iron pin; thence continuing with Baker, North 05 deg. 54 min. 50 sec. East, 191.84 feet to an iron pin; thence North 02 deg. 48 min. 44 sec. East, 276.68 feet to an iron pin; thence North 02 deg. 48 min. 44 sec. East, 69.32 feet to an iron pin;

thence North 17 deg. 05 min. 51 sec. East, 59.21 feet to an iron pin; thence with a curve to the right L=61.65 feet, R=75.00 feet, Chord bearing North 38 deg. 23 min. 16 sec. East 59.93 feet to an iron pin; thence North 82 deg. 37 min. 56 sec. East, 39.42 feet to an iron pin; thence North 32 deg. 18 min. 13 sec. East, 50 feet to an iron pin in the South right of way of Thomas Cross Road; thence leaving the line of Baker with Thomas Cross Road, North 65 deg. 55 min. 29 sec. West, 76.60 feet to an iron pin; thence with a curve to the left, L= 19.79 feet, R=544.00 feet, Chord bearing North 66 deg. 58 min. 01 sec. West, 19.79 feet to a point; thence continuing with a curve to the left, L=26.70 feet, R=544.00 feet, Chord bearing North 69 deg. 24 min. 55 sec. West, 26.70 feet to the point of BEGINNING.

ACCORDINGLY, IT IS HEREBY ORDERED that the Grant of Right of Way and Agreement to Dedicate dated April 4, 2006, shall be specifically performed and the Clerk & Master is hereby authorized and directed to sign and execute the Right of Way Deed to the aforedescribed property in the place of Eileen M. DiMeco, said Right of Way Deed being attached hereto as Exhibit B, and the Clerk and Master shall also sign the Final Plat of Mountain Scapes Subdivision for recordation in the place of Eileen M. DiMeco by showing thereon reference to this Final Judgment.

Ms. DiMeco appeals to this Court.

## Discussion

Before we address the issues on appeal, we note that Ms. DiMeco in her reply brief on appeal makes a motion seeking to have this Court obtain specific Chancery Court dockets and the court record for a separate lawsuit involving Ms. DiMeco. Ms. DiMeco filed a motion in the Trial Court seeking to include the court record for this separate lawsuit with the record in this case. After a hearing, the Trial Court entered its order on August 30, 2011 denying this motion. We agree with the Trial Court that the documents Ms. DiMeco seeks to include are not properly part of the record in the case before us, and Ms. DiMeco's motion is denied.

Ms. DiMeco attempts to raise several issues on appeal, but the dispositive issue is whether the Trial Court erred in granting summary judgment to the Bank. The Bank raises two additional issues: 1) whether Ms. DiMeco's appeal should be dismissed for failure to comply with Tenn. R. App. P. 27 and Tenn. R. Ct. App. 6; and, 2) whether this appeal is

frivolous and the Bank should be awarded attorney's fees.

Logically we first must deal with the Bank's issue regarding whether Ms. DiMeco's appeal should be dismissed. As this Court has stated:

> [T]here are times when this Court, in the discretion afforded it under Rule 2 of the Tennessee Rules of Appellate Procedure, may waive the briefing requirements to adjudicate the issues on their merits. This may occur on occasion when, for example, a party appeals pro se or when resolution of the case impacts innocent parties such as children. *See, e.g., Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (noting that the briefing requirements are more likely to be waived "in cases involving domestic relations where the interests of children are involved"); *Word v. Word*, 937 S.W.2d 931, 932 n.1 (Tenn. Ct. App. 1996) (addressing the merits of the appeal, despite failure to include statement of the issues, but affirming the majority of the trial court's rulings because there was no transcript of the evidence).

*Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 Tenn. App. LEXIS 678, at **12-13 (Tenn. Ct. App. Dec. 22, 2011), *no appl. perm. appeal filed* (footnote omitted). While Ms. DiMeco's pro se briefs do not strictly comply with the Tennessee Rules of Appellate Procedure, they are not so extremely deficient as to prevent this Court from exercising a meaningful review. In the exercise of our discretion, we will address the merits on appeal.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).
>
> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue

for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

The Bank filed a properly supported motion for summary judgment. Ms. DiMeco filed nothing whatsoever in response to the motion. As our Supreme Court has explained:

Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978); *Merritt v. Wilson Cty. Bd. of Zoning Appeals*, 656 S.W.2d 846, 859 (Tenn. App. 1983). In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment … shall be entered against him." Rule 56.05.

-10-

*Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993) (emphasis in original).

The Bank filed a properly supported motion for summary judgment showing that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. Ms. DiMeco failed to show that there is a genuine issue of material fact. As such, we find no error in the Trial Court's grant of summary judgment to the Bank.

Finally, we consider whether Ms. DiMeco's appeal is frivolous and the Bank should be awarded attorney's fees. "'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). Ms. DiMeco's appeal had little prospect of success. We, therefore, hold that the appeal was frivolous, and we award the Bank attorney's fees on appeal. We remand this case to the Trial Court for a determination of the appropriate amount of attorney's fees.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for a determination of the amount of the Bank's attorney's fees on appeal and for collection of the costs below. The costs on appeal are assessed against the appellant, Eileen DiMeco.

_____
D. MICHAEL SWINEY, JUDGE