IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 16, 2019 Session

## TIFFANY "WHITAKER" KRAMER v. PHILLIP JOHN KRAMER

**Appeal from the Chancery Court for Blount County**
**No. 2016-018          Telford E. Forgety, Jr., Chancellor**

———————————————————

## No. E2018-00736-COA-R3-CV

———————————————————

In this appeal, the wife challenges the trial court's division of the marital assets and liabilities. We find no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, C.J., joined.

Robert M. Asbury, Knoxville, Tennessee, for the appellant, Tiffany "Whittaker" Kramer.

James H. Snyder, Jr., Alcoa, Tennessee, for the appellee, Phillip John Kramer.

## OPINION

## I. BACKGROUND

The parties were married on April 20, 2013. No children were born of the marriage. The plaintiff, Tiffany "Whitaker" Kramer ("Wife"), filed a complaint for divorce on March 4, 2016, and an amended complaint for divorce on March 24, 2016, after less than three years of marriage. The defendant, Phillip John Kramer ("Husband"), filed an answer and counter-complaint for divorce on July 8, 2016. After a hearing on May 2, 2017, a final decree of divorce was entered on September 5, 2017. The record contains no transcript of the trial.

Wife filed a motion to set aside final decree and offer of proof on October 4, 2017.

After a hearing held on February 27, 2018, the trial court denied the motion.

Wife filed a timely appeal. No tabulation of marital assets and liabilities was included in Wife's brief, in violation of Rule 7 of the Tennessee Court of Appeals Rules.[1]

## II. ISSUES

1. Did the trial court err in the application of Tennessee Code Annotated section 36-4-121 by failing to equitably divide the parties' marital assets pursuant to the relative contributions of the parties.

2. Should Husband's attorney's fees and the costs of the appeal be taxed to Wife for a frivolous appeal.

## III. STANDARD OF REVIEW

Because this case was tried without a jury, our review of the trial court's factual findings is de novo upon the record, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. Civ. P. 13(d). Our review of a trial court's conclusions of law is de novo upon the record with no presumption of correctness. *Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008).

Our Supreme Court has elucidated the applicable standard of appellate review in a case involving the proper classification and distribution of assets incident to a divorce as follows:

> This Court gives great weight to the decisions of the trial court in dividing marital assets and "we are disinclined to disturb the trial court's decision unless the distribution lacks proper evidentiary support or results in some error of law or misapplication of statutory requirements and procedures." *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996). As such, when dealing with the trial court's findings of fact, we review the record de novo with a presumption of correctness, and we must honor those findings unless there is evidence which preponderates to the contrary. Tenn. R. App.

---

[1] Wife late filed a motion to alter or amend her brief and to continue oral argument. We found the continuance portion of the motion not well taken and denied it. We likewise find the request to alter or amend the brief not well taken, and it is DENIED.

- 2 -

P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Because trial courts are in a far better position than this Court to observe the demeanor of the witnesses, the weight, faith, and credit to be given witnesses' testimony lies in the first instance with the trial court. *Roberts v. Roberts*, 827 S.W.2d 788, 795 (Tenn. Ct. App. 1991). Consequently, where issues of credibility and weight of testimony are involved, this Court will accord considerable deference to the trial court's factual findings. *In re M.L.P.*, 228 S.W.3d 139, 143 (Tenn. Ct. App. 2007) (citing *Seals v. England/Corsair Upholstery Mfg. Co.,* 984 S.W.2d 912, 915 (Tenn. 1999)). The trial court's conclusions of law, however, are accorded no presumption of correctness. *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 744-45 (Tenn. 2002).

*Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007). Questions related to the classification of assets as marital or separate are questions of fact. *Bilyeu v. Bilyeu*, 196 S.W.3d 131, 135 (Tenn. Ct. App. 2005). Furthermore, as this court has previously held:

Because Tennessee is a "dual property" state, a trial court must identify all of the assets possessed by the divorcing parties as either separate property or marital property before equitably dividing the marital estate. Separate property is not subject to division. In contrast, Tenn. Code Ann. § 36-4-121(c) outlines the relevant factors that a court must consider when equitably dividing the marital property without regard to fault on the part of either party.

An equitable division of marital property is not necessarily an equal division, and § 36-4-121(a)(1) only requires an equitable division.

*McHugh v. McHugh*, No. E2009-01391-COA-R3-CV, 2010 WL 1526140, at *3-4 (Tenn. Ct. App. Apr. 16, 2010) (internal citations omitted). *See also Manis v. Manis*, 49 S.W.3d 295, 306 (Tenn. Ct. App. 2001) (holding that appellate courts reviewing a distribution of marital property "ordinarily defer to the trial judge's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or is not supported by a preponderance of the evidence.").

## IV. DISCUSSION

### A.

Wife disagrees with the trial court's division of the marital assets and debts. She contends that the court did not consider her expenses in providing health insurance to Husband and his son from a prior relationship. Wife also argues that she should have been awarded $22,867.83 of Husband's 401K benefits. Husband asserts that the record presented by Wife does not allow for the proper review of the rulings of the trial court. We note that Wife has not provided this court with a statement of the evidence or a transcript of the trial in order for us to review the evidence presented regarding the issues she asserts.

Rule 24 of the Tennessee Rules of Appellate Procedure provides in pertinent part:

> (b) Transcript of Stenographic or Other Substantially Verbatim Recording of Evidence or Proceedings. Except as provided in subdivision (c), if a stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence or proceedings is available, the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. Unless the entire transcript is to be included, the appellant shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript the appellant intends to include in the record, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. If the appellee deems a transcript of other parts of the proceedings to be necessary, the appellee shall, within 15 days after service of the description and declaration, file with the clerk of the trial court and serve on the appellant a designation of additional parts to be included. The appellant shall either have the additional parts prepared at the appellant's own expense or apply to the trial court for an order requiring the appellee to do so. The transcript, certified by the appellant, the appellant's counsel, or the reporter as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the transcript, the appellant shall simultaneously serve notice of the filing on the appellee. Proof of service shall be filed with the clerk of the trial court with the filing of the transcript. If the appellee has objections to the transcript as filed, the appellee shall file objections thereto with the clerk

of the trial court within fifteen days after service of notice of the filing of the transcript. Any differences regarding the transcript shall be settled as set forth in subdivision (e) of this rule.

\* \* \*

(c) Statement of the Evidence When No Report, Recital, or Transcript Is Available.

If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, or if the trial court determines, in its discretion, that the cost to obtain the stenographic report in a civil case is beyond the financial means of the appellant or that the cost is more expensive than the matters at issue on appeal justify, and a statement of the evidence or proceedings is a reasonable alternative to a stenographic report, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

\* \* \*

(e) Correction or Modification of the Record. If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences

- 5 -

regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

(f) Approval of the Record by Trial Judge or Chancellor. The trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable after the filing thereof or after the expiration of the 15-day period for objections by appellee, as the case may be, but in all events within 30 days after the expiration of said period for filing objections. Otherwise the transcript or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court, except in cases where such approval did not occur by reason of the death or inability to act of the trial judge. In the event of such death or inability to act, a successor or replacement judge of the court in which the case was tried shall perform the duties of the trial judge, including approval of the record or the granting of any other appropriate relief, or the ordering of a new trial. Authentication of a deposition authenticates all exhibits to the deposition. The trial court clerk shall send the trial judge transcripts of evidence and statements of evidence.

In the case at bar, no transcript of the trial has been filed that is properly certified as required by Rule 24. Furthermore, no statement of evidence approved by the trial judge is of record. As noted above, under Rule 24, it is the duty of the appellant "to prepare the record which conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues which form the basis of the appeal." *In re M.L.D.,* 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005); *see also* Tenn. R. App. P. 24(b), (c). Thus, in this case, it is Wife's responsibility to provide the court with a transcript or a statement of the evidence "from which we can determine whether the evidence preponderates for or against the findings of the trial court." *In re M.L.D.*, 182 S.W.3d at 894-95. Inasmuch as we have no proper transcript or statement of the evidence, we must presume that there was sufficient evidence to support the trial court's factual findings. *Id.* at 895; *see Word v. Word*, 937 S.W.2d 931, 932 (Tenn. Ct. App. 1996) ("In the absence of a transcript, we must assume that 'the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings.'") (quoting *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)).

The one transcript before us is from the hearing on the motion to set aside the final decree and offer of proof. In that hearing, the trial court recognized the crux of Wife's complaint was that the division of marital assets and liabilities was not necessarily equal. The trial court stated:

> The court looked at the testimony at the time [of the trial] and deemed its division of property to be an equitable one and of course, the court understands here that the argument presented by the wife is that well, look, judge, we understand that. It's just got to be equitable. We understand that. But what we're telling you is that it was not really equitable here and the court simply disagrees on that.
>
> And, by the way, I would make one other comment. You know, one of the things that the wife presents here in support of her argument relevant to the division of property and this is look, I paid health insurance during the marriage and I paid most of the mortgage during the marriage and therefore, I should have gotten some additional consideration upon the dissolution of the marriage.
>
> Generally speaking, the courts do not go back during the existence of the marriage and try to construct or reconstruct a day-by-day, week-by-week, month-by-month, year-by-year accounting of how much did the wife pay for, how much did the husband pay for . . . it's impossible to do.

As noted by Husband, we are being asked by Wife to ignore the lack of any record of the testimony at trial, the lack of any statement showing how such alleged error was "seasonably called to the attention of the trial judge with citation to that part of the record," the lack of "any citations to the record showing where the resultant prejudice is recorded," and the lack of any "statement of each determinative fact relied upon with citation to the record" showing where the resultant prejudice is recorded. *See* Tenn. Ct. App. R. 6. Wife urges us to consider certain exhibits, but we lack any record of the trial court's findings with respect to the exhibits.

In our view, Wife has failed to present any proof to establish that the trial court committed error. She has failed to present an adequate appellate record that allows for the proper review of the issues she raises. *See Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009).

B.

Husband asks this court to award damages for frivolous appeal under Tennessee Code Annotated section 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages for a frivolous appeal rests solely in our discretion. *Chiozza*, 315 S.W.3d at 493. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995).

Wife has failed to present this court with a record showing that she is entitled to any relief whatsoever. As noted by Husband, Wife has failed to comply with the rules of this court and the case law of this State relating to the presentation of a record on appeal. We conclude that Wife's appeal is so devoid of merit as to be characterized as frivolous. Accordingly, we exercise our discretion to grant Husband's request for attorney's fees and costs in defense of this appeal.


## V. CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded for a hearing on Husband's attorney's fees and costs in the appeal. Costs of appeal are assessed against the appellant, Tiffany "Whitaker" Kramer.


_____

JOHN W. MCCLARTY, JUDGE